IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EBONY JONES,<br>Individually and On Behalf<br>of Others Similarly Situated,<br><br>       Plaintiffs,<br><br>v.<br><br>HARVEST ROANOKE LLC, HARVEST DANVILLE, LLC, HARVEST GORDONSVILLE, LLC, HARVEST LYNCHBURG, LLC, HARVEST ZC ASSETS LLC, and HARVEST RESTAURANTS LLC,<br><br>**SERVE: Praveen Kondaka, RA**<br>**6650 Tack House Trl**<br>**Centreville, VA 20120**<br><br>       Defendants. | **Civil Action No.** 7:22cv00485<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## COMPLAINT

Plaintiff Ebony Jones, individually and on behalf of all others similarly situated, by counsel, alleges the following claims against Defendants Harvest Roanoke LLC, Harvest Danville, LLC, Harvest Gordonsville, LLC, Harvest Lynchburg, LLC, Harvest ZC Assets LLC, and Harvest Restaurants LLC (collectively, "Defendants") which do business as IHOP restaurants, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*

### NATURE OF CLAIMS

1. This is a collective action to recover overtime and minimum wages and other applicable damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

201, *et seq.*

2. This lawsuit arises under the FLSA as a result of Defendants' failure to pay Plaintiff and other similarly situated employees who are members of the Collective and class defined herein all earned wages.

3. Plaintiff brings her FLSA claims as a collective action pursuant to the FLSA to recover unpaid minimum and overtime wages.

4. Plaintiff, and all others similarly situated ("Plaintiffs"), are current and/or former employees of Defendants who were working as tipped employees, including as servers.

5. Plaintiffs were tipped employees who, pursuant to Defendants' policies, were required to perform non-tipped work, such as cleaning, deep cleaning, food restocking, and preparatory work, in excess of twenty percent (20%) of their time at work. Defendants violated the FLSA by requiring tipped employees to perform non-tipped duties for periods in excess of twenty percent (20%) of their time at work, and therefore violated the FLSA, 29 U.S.C. § 203(m). Defendants further violated the FLSA by requiring Plaintiffs to spend more than thirty (30) continuous minutes performing non-tipped duties.

6. Plaintiffs were tipped employees who, pursuant to Defendants' policies, also were required to perform non-tipped work that was unrelated to their tip-producing work, such as carrying, unboxing, and stocking the restaurant with deliveries from food and beverage vendors. Defendants violated the FLSA by requiring tipped employees to perform these non-tipped and unrelated duties and by not paying those employees minimum wage for performing such duties.

7. Plaintiffs were tipped employees who, pursuant to Defendants' policies, were not compensated an appropriate overtime wage when performing non-tipped work after exceeding 40 hours in a week, and instead, were compensated approximately at the rate of $3.20 per hour when

working overtime hours, regardless of whether the employee was performing tipped or non-tipped work.

8. Plaintiff brings claims under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and other similarly situated employees who suffered damages as a result of Defendants' policies and practices that violated the FLSA that were common to them.

9. Plaintiff alleges on behalf of the Collective that the unpaid wage claim includes unpaid wages due to Defendants' imposition of a tip credit (which reduced the hourly wages paid to Plaintiffs) when Defendants were not entitled to impose such a tip credit.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 1367, 2201 and 2202. This Court also possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the acts and/or omissions giving rise to Plaintiff's claims pursuant to Va. Code § 40.1-28.10 arose from the same basis of operative fact and same controversies under the law. Pursuant to 28 U.S.C. § 1367(a), these claims are so related to claims involving original jurisdiction that they form part of the same case or controversy.

11. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as Defendants' principal places of business include Roanoke, Virginia, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

12. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia, in that they transact significant business in Virginia and maintain a registered agent in Virginia.

## COLLECTIVE DESCRIPTION

13. Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former tipped employees who worked for one or more of Defendants at their IHOP locations in Virginia at any time during the three years

preceding the filing of this Complaint up to and including the date of final judgment in this matter, and who are Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. 216(b) ("the Collective").

## PARTIES

14. Plaintiff Ebony Jones is a resident of Roanoke, Virginia. Ms. Jones worked for Defendants at the IHOP location at 4764 Valley View Blvd NW, Roanoke, VA 24012 from approximately 2013 until November 2020, for which she was paid an hourly rate (plus tips, if any) of $2.13 for all hours worked up to 40 hours per week and for which she was paid an hourly rate (plus tips, if any) of approximately $3.20 for all hours worked in excess of 40 hours per week.

15. Harvest Roanoke LLC is a limited liability company organized and existing under the laws of Virginia with a principal place of business located at 4764 Valley View Blvd NW, Roanoke, VA 24012 where it runs an IHOP restaurant.

16. Harvest Danville, LLC is a limited liability company organized and existing under the laws of Virginia with a principal place of business located at 6650 Tack House Trail, Centerville, VA 20120. Upon information and belief, Harvest Danville, LLC owns and operates an IHOP franchisee location in Danville, Virginia.

17. Harvest Gordonsville, LLC is a limited liability company organized and existing under the laws of Virginia with a principal place of business located at 137 Wood Ridge Terrace, Gordonsville, VA, 22942 where it runs an IHOP restaurant.

18. Harvest Lynchburg, LLC is a limited liability company organized and existing under the laws of Virginia with a principal place of business located at 5500 Fort Avenue, Lynchburg, VA, 24502 where it runs an IHOP restaurant.

19. Harvest ZC Assets LLC is a limited liability company organized and existing under the laws of Virginia with a principal place of business located at 6650 Tack House Trail, Centerville, VA 20120.

20. Harvest Restaurants LLC is a limited liability company organized and existing under the laws of Virginia with a principal place of business located at 6650 Tack House Trail, Centerville, VA 20120.

21. On information and belief, Defendants share a unity of ownership through Harvest ZC Assets LLC and/or Harvest Restaurants LLC.

22. On information and belief, Defendants back-office operations and employee-facing practices and policies are all managed and set by and through Harvest ZC Assets LLC and/or Harvest Restaurants LLC.

## FACTUAL ALLEGATIONS

23. Three of the most basic protections afforded by the FLSA are the entitlement of employees (i) to be paid for all hours worked, (ii) to be paid a minimum wage, and (iii) to be paid premium overtime compensation for all hours worked in excess of forty hours per week, unless such employees are shown to be exempt from such protections.

24. In violation of these basic protections, Plaintiff and the members of the Collective were not paid the applicable minimum wage and were not paid appropriate overtime compensation for all hours worked in excess of forty hours per week.

25. Defendants are restaurant franchisees for the IHOP brand with common ownership and operations that operate locations in the Roanoke, Danville, Gordonsville, and Lynchburg, Virginia areas. The IHOP brand (formerly International House of Pancakes) is a

ubiquitous breakfast restaurant with locations throughout the United States and several other countries.

26. On information and belief, IHOP restaurants have traditionally operated, at least in large part, under a table service model wherein a server takes and delivers orders to restaurant patrons.

27. Rather than pay its tipped employees the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendants imposed a tip credit upon Plaintiff and the members of the Collective for all hours worked. Defendants therefore paid Plaintiff and the members of the Collective at a rate less than the applicable minimum wage for at least some hours.

28. As a result of Defendants' imposition of a tip credit rate for all hours worked, Plaintiff and the members of the Collective were forced to perform minimum wage entitled work at an hourly rate that was less than minimum wage.

29. In addition to their tipped work, Plaintiff and the members of the Collective were required by Defendants to perform non-tipped work for which they were paid at the sub-minimum wage tip credit rate. Examples of non-tipped work include preparatory, pre-closing, and workplace maintenance tasks such as rolling silverware, refilling sugar caddies, salt and pepper shakers, ice, condiments; cleaning tables, chairs, décor, lights, and windows; and vacuuming and/or sweeping various areas of the restaurant (collectively "Side Work").

30. The Side Work that Plaintiff and the members of the Collective were required to perform exceeded twenty percent (20%) of their time at work.

31. In addition to their tipped work, Plaintiff and the members of the Collective were required by Defendants to perform work that was unrelated and not incidental to the duties of their

tipped occupation, including carrying, unboxing, and stocking the restaurant with deliveries from food and beverage vendors.

33. Plaintiffs were also made to perform non-tipped work for continuous periods of more than thirty (30) continuous minutes despite being paid only a tip-share rate for same.

33. As a result, Plaintiff and the members of the Collective are entitled to at least the applicable minimum wage for all such time worked, without applying a tip credit. Furthermore, Plaintiff and the members of the Collective who worked in excess of forty hours per week are entitled to receive overtime compensation, without applying a tip credit.

34. Plaintiff and similarly situated employees were not exempt from the minimum wage provisions of the FLSA.

35. Pursuant to 29 C.F.R. § 531.59 the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (unless the state minimum wage is more than $7.25), which is the minimum wage of $7.25 minus a minimum required cash wage of $2.13.

36. According to the regulations promulgated by the Department of Labor, "an employer may not keep tips received by its employees for any purposes, regardless of whether the employer takes a tip credit." 29 C.F.R. § 531.52.

37. Although at this stage Plaintiff is unable to state the exact amount owed to the Collective, Plaintiff believes that such information will become available during the course of discovery.

38. Plaintiff Jones worked as a server and was paid exclusively on a tipped rate basis, i.e. $2.13/hr plus tips. She typically worked 30-40 hours a week and sometimes worked more than forty (40) hours in a workweek. On those occasions she was only paid approximately $3.20/hr plus tips for all hours worked over (40) forty, regardless of the propriety of Defendants' use of a tipped

rate. Members of the collective were likewise subject to same pay regime governing their overtime rates when they, as they often did, worked more than forty (40) hours in a week.

39. One several occasions, Plaintiff Jones raised concerns with her superiors regarding potential minimum wage and overtime violations by Defendants, but her concerns were never addressed.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of the Collective as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

41. Plaintiff brings this FLSA claim as a collective action and her consent to join this collective action as a representative Plaintiff is attached as **Exhibit A**.

42. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).

43. Plaintiff and the members of the Collective work or have worked for Defendants and were subject to the same operational and compensation policies and practices, including not being paid proper minimum and/or overtime wages for all hours worked.

44. Defendants failed to pay Plaintiff and the members of the Collective the proper wages for time spent performing duties unrelated and not incidental to their tipped occupation.

45. Defendants violated applicable tip credit rules by requiring Plaintiff and the members of the Collective to spend over twenty percent (20%) of their work shifts performing non-tipped Side Work.

46. Defendants violated the FLSA by requiring Plaintiff and members of the collective were made to perform more than thirty (30) minutes of continuous non-tipped work while on a tip share rate.

47. Defendants failed to pay Plaintiff and the members of the Collective the applicable minimum wage for all hours worked.

48. Defendants failed to pay Plaintiff and the members of the Collective the proper overtime compensation due to them for all hours worked in excess of forty (40) hours per week.

49. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Collective are relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Collective to individually seek redress for the wrongs done to them.

50. Plaintiff and the other members of the Collective have suffered and will continue to suffer irreparable damage from the unlawful policies and practices implemented by Defendants.

FIRST CLAIM FOR RELIEF
FLSA Failure to Pay Minimum Wages
(On Behalf of Plaintiff and the Collective)

51. Plaintiff, on behalf of herself and the Collective, repeat and reallege each paragraph above as though it were fully set forth at length herein.

52. Pursuant to Defendants' policies, Defendants chose to pay their tipped employees the tip-credit wage rather than the applicable minimum wage.

53. Because of Defendants' failure to pay tipped employees for all hours worked, tipped employees, including Plaintiff and the members of the Collective, did not receive wages equal to or in excess of the applicable minimum wage for all hours worked.

54. The Side Work that Plaintiff and the members of the Collective were required to perform exceeded twenty percent (20%) of their time at work and/or was unrelated and not incidental to their tipped occupation.

55. Plaintiff and members of the collective were made to perform non-tipped work while being paid on a tipped rate basis for more than thirty (30) continuous minutes.

56. Defendants are not and were not entitled to take the tip credit for all such time. Defendants thus failed to pay Plaintiff and the members of the Collective the proper applicable minimum wages rates for this time, and the full minimum wage for such time is owed.

57. At all times relevant herein, Defendants have been engaged in interstate commerce within the meaning of 29 U.S.C. §§203(r) and (s).

58. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. §203.

59. At all times relevant herein, Plaintiff and similarly situated employees were engaged in interstate commerce.

60. At all times relevant herein, Defendants owned and operated an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

61. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62. As a result of Defendants' violations of the minimum wage provisions of the FLSA, Plaintiff and similarly situated employees are entitled to recover their damages caused by the violations, liquidated damages in an equal amount, and their attorneys' fees and costs incurred in bringing this action.

## SECOND CLAIM FOR RELIEF
Failure to Pay Proper Overtime Wages
(On Behalf of Plaintiff and the Collective)

63. Plaintiff, on behalf of herself and the Collective, repeat and reallege each paragraph above as though it were fully set forth at length herein.

64. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

65. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Members within the meaning of the FLSA.

66. At all relevant times, Defendants had a policy and practice of willfully refusing to pay tipped employees appropriate overtime compensation for all hours worked in excess of forty (40) hours per week.

67. As a result of Defendants' willful failure to compensate its employees, including Plaintiff and the members of the Collective, the applicable federal minimum wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq*.

68. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

69. As a result of Defendants' violations of the overtime wage provisions of the FLSA, Plaintiff and similarly situated employees are entitled to recover their damages caused by the violations, liquidated damages in an equal amount, and their attorneys' fees and costs incurred in bringing this action, pursuant to 29 U.S.C. § 216(b).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ebony Jones, individually and on behalf of similarly situated employees who join this action, demands:

A. Designation of this action as a collective action on behalf of the Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising of the pendency of this action, and permitting Plaintiff and similarly situated employees to assert timely FLSA and Va. Code § 40.1-28.10 claims in this action by filing individual Consents pursuant to 29 U.S.C. §216(b);

B. Judgement against Defendants Harvest Roanoke LLC, Harvest Danville, LLC, Harvest Gordonsville, LLC, Harvest Lynchburg, LLC, Harvest ZC Assets LLC, and Harvest Restaurants LLC llc, jointly and severally.

C. On the first claims for relief, an award of compensation for unpaid minimum wages at the applicable minimum wage rate (either the applicable state minimum wage or the federal minimum wage, whichever is higher) to Plaintiff and members of the Collective;

D. On the second claim for relief, an award of unpaid compensation for overtime to Plaintiff and the members of the Collective;

E. On the first and second claims for relief, an award of liquidated damages to Plaintiff and the members of the Collective;

F. On the first and second claims for relief, an award of prejudgment and post-judgment interest to Plaintiff and the members of the Collective;

G. On the first and second claims for relief, an award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Collective; and

H. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Ebony Jones, individually and on behalf of similarly situated employees who join this action, demands a trial by jury.

Respectfully submitted,

EBONY JONES,
behalf of herself and all others similarly situated

By: ____/s/_____
Zev H. Antell (VSB No. 74634)
BUTLER CURWOOD, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Tel:    (804) 648-4848
Fax:    (804) 237-0413
zev.antell@butlercurwood.com


Brittany M. Haddox (VSB No. 86416)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
brittany@strelkalaw.com

*Counsel for Plaintiffs*