**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
(Roanoke Division)

| | | |
|---|---|---|
| **Ebony Jones** | * | |
|     **Plaintiff** | * | |
| v. | * | Case No.:  7:22-cv-00485-TTC |
| **Harvest Roanoke, LLC, et al.** | * | |
|     **Defendants** | * | |
| *   *   *   *   *   *   * | | |

### JOINT MOTION TO APPROVE OFFER OF JUDGMENT

Plaintiff, Ms. Ebony Jones, by and through her undersigned counsel, together with Defendants, Harvest Roanoke, LLC, Harvest Danville, LLC, Harvest Gordonsville, LLC, Harvest Lynchburg, LLC, Harvest ZC Assets, LLC, and Harvest Restaurants, LLC (collectively, "Defendants"), by and through their undersigned counsel, submit this motion for the purpose of approving the Amended Offer of Judgment made by Defendants to Plaintiff, pursuant to Fed.R.Civ.P. 68, and for good cause, states as follows:

### I.     Facts:  The Amended Offer of Judgment

This is a putative collective action brought by a restaurant server who worked for an IHop® franchise in Roanoke, Virginia from 2013 to November 2020. (ECF Doc. 1, ¶ 14).  Generally speaking, Plaintiff claims that she was required to perform non-tipped work at a rate of $2.13/hour. (ECF Doc. 1, ¶¶ 28-33).  Additionally, Plaintiff claims that she was paid at an improper rate of $3.20/hour (plus received tips), when working over 40 hours, and that this overtime rate is incorrectly calculated regardless of the outcome of the issue of performing non-tipped work. (ECF Doc. 1, ¶ 38).

Shortly after being served, Defendants retained counsel. Defendant's counsel recognized that the Plaintiff had worked only for the Roanoke IHop® restaurant and had not worked since November 2020. (Exh. 1; Hoffman Decl. ¶ 2). To evaluate the potential for the Plaintiff's damages, Defendant ran payroll records for the **three years** prior to the filing of the lawsuit to determine the number of hours that the Plaintiff worked from August 23, 2019 to November 29, 2020 (final day of employment).[1] Those records reflect that the Plaintiff worked 1,334.52 regular hours and 73.10 hours of overtime. (Exh. 1; Hoffman Decl. ¶ 3; Exh. 1-A (hour record)).

Plaintiff is contending that some of those hours were non-tipped, and hence, should have been paid at a rate of $7.25/hour. To be sure, the amount of non-tipped work was not clear from the Complaint. Without regard to their adamant denial of liability, Defendant undertook to calculate Plaintiff's best day in Court, i.e., what a Jury could award the Plaintiff if she carried *her* burden of a willful violation and if every *single* hour she worked was non-tipped – a highly unlikely outcome - but the assumption was made nevertheless.

The measure of damage was thus $5.13/hour for every regular hour in the statutory "look back" period, and $7.68/hour for every overtime hour. Regular pay calculations were thus $6,846.09 and overtime was calculated at $561.41. This totals $7,407.50. Assuming liquidated damages were awarded, *Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696, 712 (E.D.N.C. 2009) ("[l]iquidated damages are the "norm" in cases in which the FLSA is violated"), the total "best day in Court ever" result for the Plaintiff would be $14,815.00. Defendant rounded *up* to

---

[1] The FLSA has a two year statute of limitations, with a third year for a "willful violation." *Ellis v. Crossmark, Inc.*, No. 7:13CV347, 2014 WL 12920974, at *1 (W.D. Va. June 4, 2014) ("The statute of limitations for FLSA claims is two years, unless the violation is willful, in which case it is three years. 29 U.S.C. § 255(a). An FLSA action commences for statute of limitations purposes when the complaint is filed or, in the case of a collective action, on the date on which a written consent is filed in the court in which the action commenced. 29 U.S.C. § 256.")

$15,000.00 *leaving open the issue of fees/costs*, even though pre-judgment interest is not available under the FLSA when liquidated damages are awarded. *Vanegas v. Diaz Granados, Inc.*, No. PWG-15-2298, 2017 WL 345855, at *6 (D. Md. Jan. 24, 2017) (FLSA claimant could not recover both prejudgment interest and liquidated damages).

Even though liability is vehemently denied, the amount in controversy is not worth making a principled stand and for that, and other reasons, an Offer of Judgment was prepared. (Exh. 1; Hoffman Decl. ¶ 5)  The Offer of Judgment was communicated to counsel, who had previously not worked together in any other cases, at arms-length.  The initial Offer of Judgment did not include fees/costs.  (Exh. 2).  Counsel for the Defendant considered the case moot under existing case law.  Plaintiff's counsel graciously responded and inquired whether all fees and costs could be negotiated and resolved within the Offer of Judgment.  Counsel communicated effectively and settled upon a number that both sides believe is reasonable.  The Offer of Judgment was amended, and that Amended Offer of Judgment was filed with the Court.  (Exh. 1; Hoffman Decl. ¶ 10; Exh. 3).

    **II.**    <u>**Argument:  The Amended Offer of Judgment Should Be Approved By The Court.**</u>

    **A. When Full Compensation Is Provided, A Lesser Degree of Judicial Scrutiny Is Required.**

In this case, the parties agree that Plaintiff has been fully and completely compensated. The Parties submit that when an employee is receiving full compensation under the FLSA, a lesser degree of judicial scrutiny is required. *See, e.g.*, *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) ("We do not say what, if any, judicial oversight applies under Lynn's Food when full satisfaction of the FLSA is made"); *Crooms v. Lakewood Nursing Cntr., Inc.*, 2008 WL 398933, *1 (M.D. Fla. 2008) ("When the defendant represents that it has offered the plaintiff at least full

compensation of his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny."); *Mackenzie v. Kindred Hospitals East, LLC*, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003). Arguably, the Court's approval process is complete so long as the Court is satisfied that an FLSA Plaintiff is receiving full relief, and a lesser degree of scrutiny is required.[2] Nevertheless, the Parties believe that, even under the *Lynn's Food* factors, approval of the FLSA settlement is warranted.

### B. Even Under *Lynn's Food*,[3] The Court Should Approve The Amended Offer of Judgment.

This Court has identified a number of factors which guide a Court's determination whether the proposed resolution of an FLSA is fair and reasonable:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery.

(ECF Doc. 6, pg. 3).

**Extent of Discovery.** Discovery has concededly not begun in this case. But the best that discovery could have produced (aside from expense) would have been to establish that *some* or *all* of the regular tipped hours of Plaintiff should have been compensated at a higher non-tipped rate of $7.25/hour. Moreover, discovery might have demonstrated that the violations were not willful, thereby limiting the Plaintiff to recover only from August 23, 2020 to November 29, 2020. By

---

[2] The US Court of Appeals for the Second Circuit has concluded that Court approval of Offers of Judgment in FLSA cases do not require judicial approval. *Mei Xing Yu v. Hasaki Rest., Inc.,* 944 F.3d 395, 410 (2d Cir. 2019) ("In light of the unambiguously mandatory command of Rule 68(a) for the clerk of the court to enter offers of judgment when they are accepted, and because we find no indication by Congress or the Supreme Court that the FLSA requires judicial approval of stipulated judgments concerning FLSA claims in the context of ongoing litigation, we decline to pull such a requirement out of thin air with respect to Rule 68(a) offers of judgment settling FLSA claims.")

[3] *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982).

paying all regular hours at $7.25/hour for the last three years, the Plaintiff has been fully compensated. No amount of discovery would have determined that Plaintiff was owed *more* than the offered amounts. This factor therefore does not impede the Court finding that the offered amounts are fair and reasonable.

**Stage of Proceedings**. Defendant issued the Amended Offer of Judgment to avoid the expense, burden and hassle of litigation, including the putative collective claims. While the offer of judgment was made early, it represents full relief and therefore the early stage of the proceeding, in contrast to discovery and motions practice, was able to avoid a steep increase in the cost to defend (and any fees/cost claims by Plaintiff).

**Absence of Fraud/Collusion**. Counsel for the Plaintiff and the Defendants are strangers and have not worked on opposite sides of any other case. An initial communication attaching the Offer of Judgment was made in writing. Only after Plaintiff's counsel signaled a willingness to accept, and further signaled a willingness to negotiate fees/costs, did negotiations occur over the fee/cost provisions of the Amended Offer of Judgment. When fees and costs are negotiated separately and secondarily, there is no plausible prospect of fraud/collusion occurring in the negotiations, and this is particularly true when a plaintiff receives full relief. In this case, there is no reason to believe that the Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, and the Court should approve the Amended Offer of Judgment's fee/cost terms without separately considering the reasonableness of those fees/costs to be paid to Plaintiff's counsel. *See Phelps v. Detail USA, Inc.*, 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.'") (citation omitted).

**Experience of Counsel Representing Plaintiff**. All counsel representing Plaintiff are experienced in wage/hour matters and have years of experience in employment law generally. This factor weighs in favor of approval.

**Probability of Success on the Merits.** Plaintiff feels strongly that the conditional certification would have been granted, and that Plaintiff's claims would have been successful in all regards. Plaintiff submits that the putative collective claims were appropriately pled, because inter alia, the Defendant appears to be an integrated enterprise. (ECF Doc. 1, ¶ 22). Defendant feels equally strong in denying the substance of Plaintiff's "non-tipped" work claims, denies the appropriateness of a collective action (including against Defendants who Plaintiff has not performed work), and further believes that any violations in the manner of calculating overtime, *assuming arguendo* their merit, are de minimis and non-willful. With full and complete relief, the probability of "some success" should not impede approval of "complete success."

**Amount of Settlement In Relation To Potential Recovery.** The parties agree that Plaintiff is recovering full relief. This factor weighs in favor of full approval of the Amended Offer of Judgment.

### III.   Conclusion

Wherefore, the Parties jointly request that the Court remove the Amended Offer of Judgment from a stay and enter an appropriate Order approving the resolution of this FLSA claim.

Respectfully submitted,

*/s/ (with permission)*
Zev H. Antell (VSB No. 74634)
Butler Curwood PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
(804) 648-484 (tele)
(804) 237-0413 (fax)
zev.antell@butlercurwood.com

*/s/ Howard B. Hoffman*
Howard B. Hoffman (VSB No. 88694)
Hoffman Employment Law, LLC
600 Jefferson Plaza, Ste. 204
Rockville, Maryland 20852
(301) 251-3752 (tele)
(301) 251-3753 (fax)
hhoffman@hoholaw.com

*Attorney for Defendants*

*/s/ (with permission)*
Brittany M. Haddox (VSB No. 86416)
Strelka Employment Law
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
(540) 243-0802 (tele)
brittany@strelkalaw.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2022, a copy of the foregoing Joint Motion to Approve Amended Offer of Judgment, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the Western District of Virginia, and is available for viewing and downloading from the ECF system.

*/s/ Howard B. Hoffman*
Howard B. Hoffman