IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EBONY JONES, *on behalf of herself and all others similarly situated*, ) ) ) | |
| Plaintiff, ) | Civil Action No. 7:22-cv-00485 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HARVEST ROANOKE, LLC., *et al.*, ) ) | By:   Hon. Thomas T. Cullen United States District Judge |
| Defendants. ) | |

This action to recover unpaid wages[1] under the Fair Labor Standards Act is before the court on the parties' joint motion to approve the amended Rule 68 offer of judgment. (ECF No. 7.) On September 21, 2022, Plaintiff Ebony Jones filed a "Notice of Acceptance with Offer of Judgment." (ECF No. 4.) In her notice, Jones indicated that she accepted an amended offer of judgment from Defendants wherein they agreed that judgment should be entered against them in the amount of $22,076.00 "representing full judgment to settle, release and satisfy any and all causes of action brought, or which could have been brought . . . by Plaintiff Ebony Jones." (ECF No. 4-1, p. 1.) Following Jones's filing of her notice of acceptance, the court issued an order[2] staying entry of judgment pending a fairness hearing and directed the

---

[1] Plaintiff alleges that Defendants Harvest Roanoke, LLC, Harvest Danville, LLC, Harvest Gordonsville, LLC, Harvest Lynchburg, LLC, Harvest ZC, Assets, LLC, and Harvest Restaurants, LLC (collectively "Defendants"), who own and operate IHOP restaurants throughout Virginia, failed to pay her (and others similarly situated) the applicable minimum wage, and that Defendants failed to compensate her (and others similarly situated) for overtime work performed at their direction.

[2] The court's September 27, 2022 order stayed the entry of judgment due to the early stage of the proceedings, the nature of the claims, the fact that the complaint is styled as an FLSA class action, and because there was no showing as to whether the offer of judgment was a fair, reasonable, and adequate resolution of bona fide dispute. (*See* ECF No. 6, p. 4.)

parties to file the present motion to explain why the offer of judgment is fair, reasonable and adequate. After considering the statements in the fairness hearing[3] and the parties' motion, the court will direct the clerk to enter judgment on the terms defined in the amended offer of judgment.

As discussed in the court's previous order (ECF No. 6), Rule 68 of the Federal Rules of Civil Procedure ostensibly governs both Defendants' offer of judgment and the subsequent filings with this court. Rule 68 provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). "The foregoing provision appears to be mandatory, where the clerk *must* enter judgment." *Cavanaugh v. TMC Rest. of Charlotte, LLC,* No. 321-cv-00648-FDW-DSC, 2022 WL 2752591, at *1 (W.D.N.C. July 14, 2022) (cleaned up); *see also Bevier v. Blue Cross & Blue Shield of S.C.*, 337 F. App'x 357, 359 (4th Cir. 2009) ("This language indicates that a Rule 68 offer of judgment is self-executing—[t]he court generally has no discretion whether or not to enter the judgment.") (citing *Ramming v. Natural Gas Pipeline Co. of Am.*, 390 F.3d 366, 370–71 (5th Cir. 2004)). In other words, Rule 68 directs the clerk to enter judgment upon the filing of an offer and notice of acceptance.

Notwithstanding the mandate appearing in the plain language of the Rule, certain exceptions exist to preclude the self-executing nature of filing an offer of judgment. For

---

[3] The fairness hearing was held October 28, 2022.

example, in class actions, Rule 23 mandates that the court review the acceptability of proposed settlements. *See Moshan-Martinez v. Francisco Valadez Jr. LLC*, No. 5:20-CV-205-FL, 2021 WL 6200164, at *2 (E.D.N.C. May 17, 2021). Offers of judgment involving FLSA claims also require the court's evaluation prior to entry of judgment.[4]

Accordingly, the FLSA modifies Rule 68(a) such that, in claims filed under the FLSA, the court will enter judgment when presented with an offer and acceptance only after the court is satisfied that the settlement is a reasonable compromise of disputed issues. *Accord Johnson v. Helion Techs., Inc.*, No. CV DKC 18-3276, 2019 WL 4931356, at *1 (D. Md. Oct. 7, 2019). *See also Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 459 (4th Cir. 2007) (noting that under the FLSA, "there is a judicial prohibition against the unsupervised waiver or settlement of claims"); *Lorenzo v. Prime Commc'ns, L.P.*, No. 5:12-CV-69-H-KS, 2018 WL 10689660, at *1 (E.D.N.C. Feb. 14, 2018) ("The rights guaranteed by the FLSA cannot be waived by private agreement between employer and employee." (cleaned up)).

Here, the offer of judgment indicates it "represent[s] full judgment to settle, release and satisfy any and all causes of action . . . ." (ECF No. 4-1, p. 1.) Because this case involves claims brought under the FLSA, judicial approval of the settlement agreement is required. *See Lynn's Foods Stores*, 679 F.2d at 1355. The clerk therefore cannot enter judgment until the court has

---

[4] Federal Rule of Civil Procedure 68(a) instructs the court to enter judgment after receiving an accepted offer of judgment. But the FLSA does not permit settlement or compromise except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) (explaining that courts assess FLSA settlements for reasonableness).

determined that the compromise "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.*

When considering whether a proposed FLSA settlement is fair, adequate, and reasonable, courts consider the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery.

*Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (cleaned up); *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). Here, considering the applicable factors, the parties have demonstrated that the offer of judgment represents a reasonable compromise of a bona fide dispute as to Defendants' liability for Jones's FLSA claims. Specifically, the terms of the amended rule 68 offer of judgment provide for the payment of $15,000.00 to Jones and $7,076.00 to her counsel, which the court deems to be reasonable under the circumstances.

Though the parties concede that this case is in its early stages and no discovery has taken place, continued litigation would not increase Jones's potential recovery, nor is it likely to uncover additional information that would bolster Jones's claims. Jones alleges that, throughout her employment at IHOP, she was required to perform non-tipped work at a rate of $2.13 per hour, and was paid an improper tip-rate of $3.20 per hour when working over 40 hours per week. (Compl. ¶¶ 28–33, 38 [ECF No. 1].) The offer of judgment, contemplated here, arrives at the $15,000.00 payment to Jones by calculating her "best day in court" award, which is the maximum amount Jones could recover if she was paid a non-tip rate for all hours

worked[5] during the maximum FLSA look-back period.[6] (Joint Mot. to Approve Offer of J. p. 2.) Although further discovery could show that Jones was entitled to be paid at the non-tip rate for the hours she worked, discovery is equally likely to show that Jones was not entitled to the non-tip rate as contemplated. Moreover, discovery might also show that Defendants' FLSA violations were not willful, which would reduce the applicable look-back period from three years to two, thus limiting Jones's potential recovery. In any event, the judgement was calculated as if Jones had proven a willful violation of the FLSA and that she was entitled to a higher wage for every single hour she worked. No amount of discovery would have determined that Jones was owed more than the offered amounts.

The offer of judgment was also negotiated at arm's length between experienced counsel. Jones is not prejudiced by the award, because her counsel is experienced in wage/hour matters and have years of experience in employment law generally, and Jones is being offered full relief. (*Id.* at 5, 6.) Furthermore, there is no evidence of fraud or collusion between the parties. Counsel for Jones and Defendants are strangers and have never worked on opposite sides of a case, let alone together. (*Id.* at 5.) And Jones's counsel rejected an initial offer of judgment before accepting an amended version. (*See* ECF Nos. 7-1, 4-1.)

---

[5] IHOP's records reflect that Jones worked 1,334.52 regular hours and 73.10 overtime hours during the three-year look-back period. (Howard Hoffman Decl. ¶ 3 [ECF No. 7-1]; Ex. 1-A [ECF No. 7-2].) Defendants calculated the total payment to Jones by multiplying $5.13 by every regular hour worked ($7.25 per hour less $2.13 actually paid for 1,334.52 hours) and $7.68 by every overtime hour worked ($10.88 less $3.20 actually paid for 73.10 hours), and then adding those amounts. (*Id.*) Defendants arrived at a total amount of $7,407.50 and doubled it to account for the possibility of liquidated damages ($14,815.00). (*Id.*) Defendants then rounded up to the total $15,000.00 award to Jones. (*Id.*)

[6] The FLSA look-back period is two years, with a third year being added for willful violations. *Ellis v. Crossmark, Inc.,* No. 7:13CV347, 2014 WL 12920974, at *1 (W.D. Va. June 4, 2014).

Finally, the offer of judgment is a reasonable compromise of a bona fide dispute, and Jones is receiving full relief now, as opposed to what she may recover at trial. Although Jones believes that this action would be successful on the merits, was properly pled as a collective action, and that conditional class certification would have been successful, Defendants disagree. (Joint Mot. to Approve Offer of J. at 6.) Though Defendants have not answered Jones's complaint, they represent that they strongly deny the "appropriateness of a collective action," and the underlying substance of Jones's allegations. (*Id.*) Specifically, Defendants contend that any violation of the FLSA were de minimis and non-willful. Should Jones continue to litigate this case, her recovery may be limited on these grounds, and she is not guaranteed to prevail at trial. Instead, the offer of judgment provides Jones with the maximum relief that she *might* be able to obtain after months, or years, of future litigation.

Accordingly, the court finds that the amended offer of judgment represents a fair, reasonable, and adequate resolution of a bona fide dispute. It is hereby **ORDERED** that judgment shall issue in accordance with the terms defined in the amended offer of judgment. (ECF No. 4-1.) Accordingly, judgment is **ENTERED** against Defendants for the total amount of $22,076.00, representing full and complete relief as to the claims in this case.

The Clerk is directed to forward a copy of this Order to counsel of record.

**ENTERED** this 28th day of October, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE